**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL HOWARD, | Case No.: 3:22-cv-00064-MMD -CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| DETECTIVE BAILEY, et al., | |
| Defendants | |

Plaintiff, who is currently incarcerated within the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of  the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $23.88, and his average monthly deposits were $31.67.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $6.33 (20 percent of $31.67). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

1  395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

2  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

3  (1980) (internal quotation marks and citation omitted).

4        A complaint must contain more than a "formulaic recitation of the elements of a cause of

5  action," it must contain factual allegations sufficient to "raise a right to relief above the

6  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

7  must contain something more … than … a statement of facts that merely creates a suspicion [of]

8  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

9  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

10  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

11        A dismissal should not be without leave to amend unless it is clear from the face of the

12  complaint that the action is frivolous and could not be amended to state a federal claim, or the

13  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

14  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

15  **B. Plaintiff's Complaint**

16        Plaintiff sues Detective Bailey, Ken Fye, Washoe County Sheriff's Office, and the Sparks

17  Police Department. Plaintiff alleges that on April 26, 2021, the Defendants caused him severe

18  bodily injury when they used excessive force to remove him from his vehicle while placing him

19  under arrest.

20        In Claims 1 and 2, Plaintiff alleges that Officer Ken Fye of the Sparks Police Department

21  used excessive force while placing him under arrest by grabbing him by the wrist and slamming

22  him to the ground while he was still belted into his van and had surrendered peacefully. He avers

23  that  Detective Bailey of the Washoe County Sheriff's Office failed to intervene when this

occurred. He asserts violations of the Eighth Amendment and Fourteenth Amendment's Equal Protection Clause.

Plaintiff references the Eighth Amendment, but claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). Plaintiff states a colorable excessive force claim against Fye and Bailey.[1]

Plaintiff also mentions the Fourteenth Amendment's Equal Protection Clause. The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). When a plaintiff alleges discrimination based on membership in a protected class, such claims are addressed under heightened scrutiny. For instance, when a plaintiff alleges discrimination based on race, alienage or national origin, such claims are subject to strict scrutiny and the conduct is sustained only if tailored to serve a compelling governmental interest. *City of Cleburne*, 473 U.S. at 440. "Similar oversight by the courts is due when state laws impinge on personal rights protected by the Constitution." *Id*. (citations omitted). Discrimination based on gender also calls for a "heightened standard of review" and "fails unless it is substantially related to a sufficiently important governmental interest." *Id*. at 440-441 (citations omitted).

---

[1] It is not clear from the face of the complaint whether Plaintiff's complaint is *Heck*-barred. *See Sanders v. City of Pittsburg*, 14 F.4th 968, 970 (9th Cir. 2021).

5

Where state action does not implicate a protected class, a plaintiff can establish a "class of one" equal protection claim by demonstrating that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff merely states that there was another individual that was afforded her right to equal protection and was not harmed. Plaintiff does not include sufficient *facts* to state an equal protection claim either as a member of a protected class or as a "class of one."

In Claim 3, Plaintiff alleges that the Washoe County Sheriff's Office and Sparks Police Department are responsible for the actions of their officers.

Preliminarily, the proper defendants, if Plaintiff states a colorable claim, would be Washoe County and the City of Sparks, and not the Washoe County Sheriff's Office or Sparks Police Department.

Local governments may be sued under section 1983 for damages, declaratory and injunctive relief. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (citation omitted). "A municipality may not, however, be sued under a *respondeat superior* theory." *Id. Respondeat superior* is a legal doctrine which holes an employer responsible for the wrongful acts of its employee if the conduct occurred within the scope of employment. This doctrine does *not* apply to hold municipalities liable under section 1983.  "A plaintiff must therefore show "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation omitted) (emphasis original).

Plaintiff does not include any factual allegations to implicate liability on the part of Washoe County or the City of Sparks. Therefore, the Washoe County Sheriff's Office and Sparks Police Department will be dismissed.  However, the dismissal will be with leave to amend so Plaintiff can attempt to correct these deficiencies as to Washoe County or the City of Sparks.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $6.33.Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1).

(3) Plaintiff may **PROCEED** with his Fourth Amendment excessive force claim against Fye and Bailey.

(4) The equal protection claim is **DISMISSED WITH LEAVE TO AMEND**.

(5) The claims against the Washoe County Sheriff's Office and the Sparks Police Department are **DISMISSED, BUT WITH LEAVE TO AMEND** to attempt to assert a *Monell* claim against Washoe County and/or the City of Sparks**.**

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above or file a notice indicating he wishes to proceed only on the Fourth Amendment excessive force claims against Fye and Bailey. Any amended complaint

1 | must be complete in and of itself without referring or incorporating by reference any previous
2 | complaint. Any allegations, parties, or requests for relief from a prior complaint that are not
3 | carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall
4 | clearly title the amended pleading  as "AMENDED COMPLAINT." If Plaintiff fails to file an
5 | amended complaint within the 30 days, the action will proceed only against Fye and Bailey with
6 | the Fourth Amendment excessive force claim. The court will address service once an amended
7 | complaint is filed or the deadline to file the amended complaint has expired, whichever occurs
8 | first.

**IT IS SO ORDERED**.

Dated: February 28, 2022

_____
Craig S. Denney
United States Magistrate Judge