UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HOWARD,<br><br>    Plaintiff<br><br>v.<br><br>DETECTIVE BAILEY, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00064-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 5 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court screens Plaintiff's first amended complaint (FAC) (ECF No. 5) under 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) and 28 U.S.C. § 1915A.

**I. BACKGROUND**

Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) On February 28, 2022, the court issued an order granting Plaintiff's IFP application, and allowed Plaintiff to proceed with his Fourth Amendment excessive force claim against defendants Fye and Bailey, but dismissed his equal protection claim as well as defendants Washoe County Sheriff's Office and Sparks Police Department with leave to amend. (ECF No. 3.)

Plaintiff has filed his FAC, which the court will now screen.

/ / /

## II. SCREENING

**A. Screening Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's FAC**

   **1. Bailey and Fye**

In the FAC, Plaintiff sues Bailey and Fye as well as Washoe County and the City of Sparks. In Claims 1 and 2, he asserts violations of the Eighth and Fourteenth Amendments, referencing excessive force, cruel and unusual punishment, and equal protection. Plaintiff claims Fye used excessive force while placing Plaintiff under arrest by grabbing Plaintiff and slamming him to the ground while he was still seat-belted into his vehicle and had peacefully surrendered. Plaintiff alleges that Bailey failed to provide equal protection of the laws when he did not intervene when Fye ripped Plaintiff from his vehicle and slammed Plaintiff's face into the

3

asphalt while he was still hanging from the seat belt of a vehicle. Plaintiff avers that Bailey and Fye both saw Plaintiff's hands raised in surrender. Plaintiff required medical and dental treatment as a result of the incident. Plaintiff asserts that he was not provided the same protections of the law that would be afforded to any other U.S. citizen as there was another individual that was afforded her right to equal protection and was not harmed.

As was explained in the order screening the original complaint, Plaintiff references the Eighth Amendment, but claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). Plaintiff should be allowed to proceed with his Fourth Amendment excessive force claim against Fye and Bailey.[1]

Plaintiff still does not state a colorable equal protection claim. The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). When a plaintiff alleges discrimination based upon membership in a protected class, such claims are addressed under heightened scrutiny. For instance, when a plaintiff alleges discrimination based on race, alienage or national origin, such claims are subject to strict scrutiny and the conduct is sustained only if tailored to serve a compelling governmental interest. *City of Cleburne*, 473 U.S. at 440. "Similar oversight by the courts is due when state laws impinge on personal rights protected by the Constitution." *Id.*

---

[1] Again, it is not clear from the face of the FAC whether Plaintiff's complaint is *Heck*-barred. *See Sanders v. City of Pittsburgh*, 14 F.4th 968, 970 (9th Cir. 2021).

(citations omitted). Discrimination based on gender also calls for a "heightened standard of review" and "fails unless it is substantially related to a sufficiently important governmental interest." *Id*. at 440-441 (citations omitted).

Where state action does not implicate a protected class, a plaintiff can establish a "class of one" equal protection claim by demonstrating that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Like the original complaint, Plaintiff merely states that another individual was afforded her right to equal protection and was not harmed. He does not include any *facts* to state an equal protection claim either as a member of a protected class or as a "class of one." Therefore, Plaintiff's equal protection claim should be dismissed. Since Plaintiff has already been given an opportunity to amend, the dismissal should be with prejudice.

**2. Washoe County and City of Sparks**

Plaintiff alleges that these two defendants failed to ensure that their officers complied with established procedures and policies, and the use of force violated Plaintiff's right to equal protection of the law because he was treated differently when he was compliant.

Local governments may be sued under section 1983 for damages, declaratory relief and injunctive relief. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 91 F.3d 592, 602-03 (9th Cir. 2019) (citation omitted). "A municipality may not, however, be sued under a *respondeat superior* theory." *Id*. *Respondeat superior* is a legal doctrine which holds an employer responsible for the wrongful

acts of its employees if the conduct occurred within the scope of employment. This doctrine does *not* apply to hold municipalities liable under section 1983. A plaintiff must therefore show "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation omitted, emphasis original).

As in the original complaint, Plaintiff has not included any factual allegations to implicate liability on the part of Washoe County or the City of Sparks. Merely alleging there was a failure to ensure officers complied with policies is not sufficient to hold a municipality liable under section 1983. Therefore, Washoe County and the City of Sparks should be dismissed, and the dismissal should be with prejudice since Plaintiff has already had an opportunity to amend.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Allowing Plaintiff to **PROCEED** with his Fourth Amendment excessive force claim against Bailey and Fye in the FAC;

(2) **DISMISSING WITH PREJUDICE** the equal protection claim;

(3) **DISMISSING WITH PREJUDICE** Washoe County and the City of Sparks.

(4) Directing the Clerk to **ISSUE** summonses for defendants Bailey and Fye, and deliver the same to the U.S. Marshal for service. The Clerk should **SEND** two copies of the FAC and the order adopting this report and recommendation to the U.S. Marshal for service on the defendants. The Clerk should **SEND** to Plaintiff two USM-285 forms. Plaintiff should be given **21** days from the date of any order adopting this Report and Recommendation to furnish the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd Floor, Reno, NV 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any

of the defendants were not served, and if Plaintiff wants service attempted again, he must file a motion with the court to provide a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(5) Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of any order adopting this Report and Recommendation. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(6) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 22, 2022

                                                                                                                                           _____
                                                                                                                                          Craig S. Denney
                                                                                                                                           United States Magistrate Judge